UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEMOND SCRUGGS,

    Plaintiff,

    v.

T.N.D.C. HOUSING, et al.,

    Defendants.

Case No. 16-cv-06470-PJH

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

Re: Dkt. No. 6

Before the court is pro se plaintiff Lemond Scruggs' motion to amend his complaint. Dkt. 6. On November 11, 2016, the court dismissed plaintiff's prior complaint, and provided that any amended complaint must be filed with the court by December 12.

It is not clear whether plaintiff's motion is meant to constitute his amended complaint, or is instead a request for permission to amend his complaint. To the extent that the filing is a request for leave to amend, the court DENIES the motion as moot. The court's earlier order has already provided plaintiff permission to amend his complaint. If plaintiff wishes to amend his complaint, he need only file with the court a document with the title "Amended Complaint" in the caption. The December 12 deadline set by the court's prior order, however, remains intact.

To the extent that the motion itself is intended to be the amended complaint, plaintiff's new filing has not remedied the deficiencies that the court described in its prior order. Plaintiff still has not explained the specific legal basis for his claims or how any of the injuries he suffered constitute a violation of federal law. Although plaintiff makes several new allegations about the condition of the premises of the Ambassador Hotel ("inadequate security," "missing or defective carbon monoxide detectors," "windows not working," etc.), he does not explain why these conditions represent racial discrimination or a failure to accommodate his (unspecified) disability.

1 Instead, plaintiff's amended complaint repeats, nearly verbatim, his allegations that
2 defendant failed to stop repeated burglaries that occurred while he was a resident at the
3 Ambassador Hotel. Plaintiff still does not explain how defendant's actions or his
4 subsequent eviction were motivated by race or disability. Finally, to the extent that
5 plaintiff still seeks to make a claim under 42 U.S.C. § 1983, he has not explained why
6 defendant is a state actor subject to this statute.

7 The motion to amend the complaint is therefore DENIED. To prevent dismissal of
8 this case, plaintiff must file an amended complaint by December 12 that explains the
9 specific legal basis for his claims and the specific factual allegations that support his
10 claims.

**IT IS SO ORDERED.**

Dated: December 1, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge